W. T. GOULD, for plaintiff.

R. R. REID, for defendants.

----●◉●◄---

IN COLUMBIA SUPERIOR COURT, JULY, 1832.

BENAJAH S. WILSON *et al. vs.* WILLIAM WRIGHT.

*Trover, and Motion for New Trial.*

It must be an extraordinary case, in which a court would undertake to say, that a jury acting within their appropriate sphere and eliciting truth from conflicting testimony had determined improperly.

IN this case there is a verdict for the plaintiffs, and the defendant moves for a new trial on three grounds, which are,

*First.* Because the verdict is against evidence, and the weight of evidence.

*Secondly.* Because it is against law. And

*Thirdly.* Because it is against the justice and equity of the case.

The action is to recover damages for an alleged wrongful conversion by the defendant to his own use of a slave, named Albert or Gilbert, claimed to be the property of the plaintiffs.

When negroes have been given to a man's children who are under age, the father cannot sell them, or if he do, the sale is void, and they may be recovered from the purchaser.

In support of their action, they gave in evidence a deed of gift, dated the 6th of June, 1812, from their uncle Benajah Smith, for a female slave named Harriet and her two children Henry and Albert. It was proven that Benajah Smith, purchased Harriet some years before, and when she was just grown, (being then but about fourteen or fifteen years old) from one Abner Wellborn, for the use of the family of Littlebury Wilson, who was the plaintiff's father, and that she immediately went into their possession, and served them in the capacity of a house-servant; that the plaintiffs were, at the date of the deed, young children, and their father continued

COLUMBIA,
July, 1832.

WILSON et al.
v.
WRIGHT.

to exercise acts of ownership and control over Harriet and her children, until he sold Albert to Johnson Wellborn in eighteen hundred and nineteen, and that when this sale was made, the plaintiffs were yet tender infants under the care and management of their father. The conversion was fully proven, as were also the value and annual hire of Albert. Though other witnesses were sworn, this proof was principally made by Mrs. Eliza Wilson, the plaintiff's mother.

For the defendant it was proven by the widow of Johnson Wellborn, that the girl Harriet was held by Littlebury Wilson as his own property ; that he exercised all acts of ownership over her and her children which masters usually do, and that he publicly offered Albert for sale before he sold him to Johnson Wellborn, to whom he sold him for a valuable consideration. There was no evidence of either actual or constructive notice to Johnson Wellborn of the deed from Benajah Smith to the plaintiffs. But in addition to the proof that Harriet was publicly purchased for the family of Littlebury Wilson by Benajah Smith, there was proof that at the time Wilson was a very improvident man, and continued so until his death ; that before his sale of Albert to Johnson Wellborn, he had offered him for sale to different individuals in that neighborhood, but could not then sell him, because his title to the boy was not believed to be good ; and that Johnson Wellborn bought him for a small consideration. Such being the nature of the proofs, it is clear, the verdict was not against evidence, for the deed from Smith, and Mrs. Wilson's testimony showed title in the plaintiffs, and the other necessary proof was fully made. It is true, there was an attempt to impeach Mrs. Wilson's credit, but it was supported not only by witnesses called for that purpose, but by the jury who alone were competent to pass upon it. According to the testimony of Mrs. Wellborn, Littlebury Wilson held Harriet and her children as his own property, but this being directly opposed to the deed and to the testimony of Mrs. Wilson, it was for the jury alone to determine between them, and to declare on which side the scale preponderated. They have done so : and it must indeed be a very extraordinary case in which the court would undertake to say that a jury, acting within their appropriate sphere, and eliciting truth from conflicting testimony, had determined improperly.* In this case especially, the court will not so interfere with the verdict of the jury, because the only title shown in Wilson, was one of possession, and that possession not at all inconsistent with plaintiff's title.

But on the second ground, it is contended for the defendant, that though the equitable interest in Harriet and her children may have been in the plaintiffs, yet that Littlebury

* See ante, p. 78. 86.

COLUMBIA,
July, 1832.

WILSON et al.
*v.*
WRIGHT.

Wilson who held as trustee might convey them to an innocent purchaser for a valuable consideration, whose title should prevail against the claim of the plaintiffs. Before the reasoning or authority in support of this ground can be made to apply to the present case, it must be shown that the legal title was in Littlebury Wilson. But as no such proof was offered, it is unnecessary for the court to say what effect it might have had upon the rights of the parties if it had been made. The plaintiffs do not here rely upon an equitable, but upon a legal title. It is upon such title alone that they can recover. If the deed from Smith to them be valid it conveys such title, and cannot at the same time convey a legal title to them and to Littlebury Wilson, the supposed trustee, nor could he, if the title were not in him, by any unauthorized act, destroy or defeat the title of his infant children. The validity of the deed was attacked on the ground of the purchase of Harriet being a covinous transaction to defraud the creditors of Littlebury Wilson, and that she was in fact purchased with the money or property of L. Wilson. Upon this fact the jury must have passed, for they were expressly instructed by the court that if it were true, the plaintiffs could not recover. But the recollection of the court is that there was no distinct proof to support this part of the defence, while the proof on the part of plaintiffs was positive that she was paid for by Smith with his own cotton. No rule of law being violated by the verdict, the second ground is overruled.

As to the third ground, the court does not perceive how the justice and equity of the case can be at all separated from the legal title to the boy Albert. That title the jury have found to be in the plaintiffs, and it would seem rather unjust and inequitable to disturb it, and to defeat the kind and benevolent intentions of the donor towards the children of an unfortunate sister, in favor of purchasers who derive their only title through the improvident father whose conduct rendered the gift necessary; and which title has its origin in a wrong done to his infant children. Their rights must be carefully guarded. Let the purchaser take care. A new trial is refused, and it is ordered that the execution be issued.

BLACK, for plaintiff.

FLOURNOY, for defendant.